## SUPREME COURT.

### WEBER agt. DEFOR AND LAMBELET

Where two partners agreed, in writing, to dissolve, and that one of the firm should leave, and the other assume the business and settlement of the debts, due to or by the firm, and be responsible to the other for the amount that would be coming to him, *Held*, that this was not a mere assignment *in trust*, to convert the property into money, and pay the outgoing partner his share; the remaining partner was to have the right to use the partnership property as his own, and was *personally* responsible to the other partner, for his share.

And in the absence of fraud in the management of the concern, the outgoing partner could not institute proceedings to wind up the business and appoint a receiver.

*New York Special Term, December,* 1853. *Motion to dissolve injunction.* Weber and Defor were in partnership for some years, when they agreed, in writing, to dissolve, and that Weber should leave the firm and thenceforth renounce the signature of the house, and that Defor should assume the continuance of the establishment, and the settlement of the debts due to or by the firm. Defor was also to be responsible to Weber for what should be coming to him.

     W. D. CRAFT, *for Motion.*
     BUCKHAM & SMALES, *Contra*

MITCHELL, Justice.—It is evident from the agreement, that Defor was not the mere assignee in trust, to convert the assets into money, and pay Weber his share; he was to have greater rights, and was to have and use the partnership property as his own, and having done so, to be responsible to Weber for Weber's share. Weber looked to Defor's responsibility for his safety, and did not choose to make him his trustee. He probably had a motive in this. To have put the property in trust would have caused a great sacrifice to both—but to leave the remaining partner to take the stock and other assets and dispose of them in the ordinary course of business, receiving the debts due to the firm, and paying those due by it, as if all were his own, would ensure the largest results in the winding up of the business.

Defor then had a right to sell the whole or any part of the property for cash, or on credit, and in small parcels or large, or in mass, provided there was neither bad faith on his part, nor any such gross negligence as would be a badge of bad faith.

The allegations in the complaint and accompanying affidavits, raised a suspicion of bad faith. Those matters are now all explained. It appears that Lambelet took the assignment of the whole property in this city, from Weber, and assumed to pay certain debts of the old firm; that this was done in the presence of two or more witnesses; that an entry of it was immediately made in the books opened by Lambelet, under the direction of both Lambelet and Defor, and that Lambelet has since paid debts of the firm to the amount of more than $6,400, and that the only debts of the firm which have fallen due and are not paid, are some which both Weber and Defor had determined to contest. It also appears that Lambelet is not, as was represented, a man of no property, but that he has a patrimonial estate worth $15,000.

Under these circumstances the charge of fraud is repelled, and it is plain that the interests of all will be better promoted by allowing Lambelet to proceed in his business, and discharge the debts which he assumed to pay, than by putting the property in the hands of a receiver.

Lambelet's books show that he agreed to pay certain debts of the firm; this may not bind him to Weber; he must enter into a covenant or bond with him, to pay those debts, and thereupon the injunction must be dissolved. The costs, $10, will abide the event.